IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PUBLIC STORAGE, a Maryland                09-CV-139-BR
Business Trust,
                                          OPINION & ORDER
       Plaintiff,

v.

CHRISTOPHER RAGEN,

       Defendant.


GREG S. OLDHAM
520 S.W. Yamhill St., Suite 428
Portland, OR 97204
(503) 274-7056

       Attorney for Plaintiff

CHRISTOPHER RAGEN
1817 S.E. Mulberry Ave.
Portland, OR 97214

       Defendant, *Pro se*


BROWN, Judge.

    This matter comes before the Court on the Responses (#5 and #7) of Plaintiff and Defendant to the Court's Order to Show Cause

1  -  OPINION AND ORDER

(#4).  For the reasons that follow, the Court **REMANDS** this matter to state court on its own Motion.

## BACKGROUND

On January 20, 2009, Plaintiff filed an eviction complaint in Washington County Circuit Court.  In its complaint, Plaintiff requested possession of a storage unit, costs, and disbursements.  On January 30, 2009, Defendant filed a Notice of Removal to this Court alleging there was a federal question and diversity jurisdiction.

On February 6, 2009, the Court issued an Order to Show Cause why this matter should not be remanded to state court on the Court's own motion for lack of subject-matter jurisdiction.

## STANDARDS

An action filed in state court may be removed to federal court if the federal court would have had  original subject-matter jurisdiction over the action.  28 U.S.C. § 1441(a).  A federal court may have original jurisdiction under (1) 28 U.S.C. § 1332(a), which authorizes district courts to exercise original jurisdiction over civil actions in which the amount in controversy is $75,000 or more and the parties are citizens of different states or (2) "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The

2   -   OPINION AND ORDER

removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)(citations omitted).  In addition, the presumption against removal means "the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted).

## **DISCUSSION**

In his Response to the Court's Order to Show Cause, Defendant concedes Plaintiff's Complaint does not allege a federal question on its face, but Defendant asserts this Court has diversity jurisdiction over the matter.  Plaintiff contends this Court does not have subject-matter jurisdiction based on diversity because the amount in controversy is not $75,000 or more, and, in any event, Defendant is a local defendant and, therefore, is not entitled to remove this matter to federal court.

As noted, to exercise jurisdiction based on diversity the removing party must show that the amount in controversy is more likely than not $75,000 or more. *Valdez v. Allstate Ins. Co.* 372 F.3d 1115, 1117, (9th Cir. 2004).  In its Complaint, Plaintiff has requested possession of the storage unit.  The value at issue, therefore, is the value of the right to occupy the unit.  The record reflects Defendant owes $783 of unpaid rent on the unit, but Plaintiff points out it did not request even the

3   -   OPINION AND ORDER

unpaid rent in its Complaint. Defendant asserts the value of his possessions in the unit exceeds $75,000, but, as noted, Plaintiff has requested in its Complaint that Defendant vacate the premises; *i.e.*, remove his possessions from it. This record, therefore, does not reflect the amount in controversy is $75,000 or more.

In any event, even if Defendant could establish the amount in controversy is $75,000 or more, Defendant is a "local defendant"; *i.e.*, a defendant who resides in Oregon. Under 28 U.S.C. § 1441(b), a local defendant may not remove a matter to federal court based on diversity of citizenship.

On this record, the Court concludes it does not have subject-matter jurisdiction over this matter and, therefore, remands this case to state court on its own Motion.

## CONCLUSION

For these reasons, the Court **REMANDS** this matter to state court on its own Motion.

IT IS SO ORDERED.

DATED this 19th day of March, 2009.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

4 - OPINION AND ORDER